■ Leonard Gartner, Appellant, v Cardio Ventures, LLC, et al., Defendants, and Adrienne Edelstein, Respondent. [995 NYS2d 557]—

Orders, Supreme Court, New York County (Lawrence K. Marks, J.), entered October 30, 2013, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment seeking a declaration that a transfer of membership interests in defendant Cardio Ventures, LLC (Cardio) was null and void, declared that the transfer is valid, and granted that portion of defendants Cardio Ventures, LLC, James S. Cardone and Alan M. Swiedler's (the Cardio defendants) motion for partial summary judgment of dismissing the causes of action for negligent misrepresentation and access to Cardio's books and records, unanimously modified, on the law, to deny the Cardio defendants' motion for summary judgment dismissing the cause of action for access to Cardio's books and records, and grant plaintiff, upon a search of the record, summary judgment on that cause of action, and otherwise affirmed, without costs.

Under the terms of the operating agreement, the transfer to defendant Edelstein, which was approved in writing by a majority of the members, is expressly authorized. Even assuming that the operating agreement is invalid, the majority's written consent to transfer the interest would govern (*see Matter of Spires v Lighthouse Solutions, LLC*, 4 Misc 3d 428, 433 [Sup Ct, Monroe County 2004]).

Further, the subscription agreement governs the transfer, it does not bar it. Indeed, the subscription agreement does not enumerate any restrictions on transfer, other than compliance with the law. As such, were the subscription agreement to control, the issue of transfer would be governed by the Limited Liability Company Law pursuant to which the transfer was valid based on the written consent of the majority of the members (*see* Limited Liability Company Law §§ 603, 604).

Because plaintiff's negligent misrepresentation claim is predicated on a finding that the interest was not transferable, it was properly dismissed.

However, the motion court erred in dismissing plaintiff's demand to inspect the books and records of Cardio. Plaintiff, as a member of the LLC, has an independent statutory right to conduct an inspection (Limited Liability Company Law § 1102). Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Feinman and Kapnick, JJ.